```
                UNITED STATES DISTRICT COURT
                    DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ATLANTIC CITY ELECTRIC COMPANY, | Civil Action No. 13-3272(NLH/AMD) |
| Plaintiff, | |
| v. | **OPINION** |
| WAL-MART STORES EAST, INC., WAL-MART STORES EAST, LP, WAL-MART STORES EAST I, LP, and WAL-MART REAL ESTATE BUSINESS TRUST, | |
| Defendants. | |

FREDRIC LEIGH SHENKMAN
LLOYD DAVID LEVENSON
COOPER, LEVENSON, APRIL, NIEDELMAN & WAGENHEIM, PA
1125 ATLANTIC AVENUE
3RD FLOOR
ATLANTIC CITY, NJ 08401-1125

   *On behalf of plaintiff*

N. ARI WEISBROT
LAUREN JILL TALAN
FOX ROTHSCHILD, LLP
75 EISENHOWER PARKWAY
ROSELAND, NJ 07068

   *On behalf of defendants*

**HILLMAN, District Judge**

This matter concerns an agreement for the sale of property owned by plaintiff, the Atlantic City Electric Company ("ACE"), to defendants, Wal-Mart Stores East, Inc., Wal-Mart Stores East LP a/k/a Wal-Mart Stores East I, LP and Wal-Mart Real Estate Business Trust (collectively referred to as "Wal-Mart"). ACE

claims that Wal-Mart's delay in obtaining the proper approvals from the State of New Jersey breached the parties' agreement. Wal-Mart has moved to dismiss ACE's complaint, while ACE has moved for partial summary judgment seeking to compel Wal-Mart to fulfill its obligations to close on the property. For the reasons explained below, both motions will be denied.

## BACKGROUND

On July 9, 1999, over fourteen years ago, ACE entered into a purchase agreement with Wal-Mart to sell Wal-Mart a 35.2 acre tract of land located in Egg Harbor Township, New Jersey (the "Agreement"). Pursuant to the terms of the Agreement, Wal-Mart agreed to pay ACE $11,500,000.00 for the purchase of the property. In order to construct a Wal-Mart store on the property, Wal-Mart was required to obtain certain governmental permits and approvals and the agreement to sell was contingent upon Wal-Mart obtaining the requisite approvals. Specifically, paragraph 15(a) of the agreement provides:

15. Approvals.

(a) Wal-Mart intends to apply for governmental permits and approvals in order to construct improvements to utilize the land for the construction of a Wal-Mart store and related retail facilities (the "Project"). Wal-Mart's obligation to close under this Agreement is contingent on Wal-Mart obtaining, at Wal-Mart's sole cost and expense, the final, unappealable, valid and irrevocable grant, on terms and conditions satisfactory to Wal-Mart, in Wal-Mart's sole and absolute discretion of those permits, licenses, variances, rights of way, and approvals that are necessary and/or required to permit Wal-Mart to obtain building permits for and to

2

> construct the Project in a size and design satisfactory
> to Wal-Mart (collectively, the "Approvals"). The
> Approvals shall include without limitation site plan
> and/or zoning approval from the Township of Egg Harbor
> Township and County of Atlantic, approval of the
> requisite agencies of the State of New Jersey,
> including NJDEP ("CAFRA") and NJDOT ("Highway Access"),
> approvals from the federal government if necessary, and
> any other permits or approvals relating to zoning,
> building, grading, occupancy, curb cuts, driveways,
> environmental controls, and other permits, licenses,
> variances, agreements, rights of way, approvals,
> contracts with utility providers as Buyer determines
> are necessary or appropriate.

(Amended Compl., Ex. 1.)

The original agreement was amended six times, with the last amendment entered into on May 25, 2005. During that time, Wal-Mart was obligated to pay ACE certain funds in consideration of all the delays. Some of the money went directly to ACE as fees for extensions of time and some of the money was applied to the purchase price and placed in escrow. The final amendment provided, in relevant part, that "Closing shall be held within twenty (20) days following Buyer's receipt of New Jersey Department of Transportation Approvals and provided that Buyer has delivered to Seller a current Report of Title a minimum of ninety-days prior to closing." (Amended Compl., Ex. 7.[1]) Closing has still not occurred because the NJDOT has not issued

---

[1] The copy of the amended complaint accompanying the notice of removal is missing the first page of Exhibit 7, which is the sixth amendment. (See Docket No. 1-3 at 55-56.) A full copy of the sixth amendment is attached as Exhibit 7 to the Certification of Fredric L. Shenkman in support of ACE's motion for summary judgment. (See Docket No. 11-3 at 47-49.)

3

its final approval of Wal-Mart's traffic plans.

In its complaint, ACE claims that "Wal-Mart received a municipal decision and resolution[2] approving a revised site plan which incorporated the NJDOT's [2009] conceptual approval for the Property on June 20, 2011," but that Wal-Mart did not timely file for the final approval from the NJDOT, and "if Wal-Mart had timely filed for final approval from the NJDOT, same would have already been received." (Amended Compl. ¶¶ 37, 39.) ACE claims that Wal-Mart's alleged failure to timely file for NJDOT final approval constitutes a breach of the purchase agreement and the agreement's inherent covenant of good faith and fair dealing. (Id., First and Second Counts.) ACE also claims that Wal-Mart's dilatoriness has caused needless delay, damaging ACE and causing the property to waste.[3] (Id., Third Count.)

Wal-Mart has moved to dismiss ACE's complaint in its entirety, arguing that ACE's claims have no merit because Wal-Mart has not received final approval from the NJDOT, and without

---

[2]ACE's complaint states that Egg Harbor Township's approval for the proposed use of the property has been challenged in New Jersey state court. The briefing reveals that the suits challenging the municipality's approvals were dismissed by the Law Division in June 2013, but those decisions have been appealed to the Appellate Division. The lack of finality to these lawsuits is another basis for Wal-Mart's claimed inability to close on the property.

[3]As discussed below, in its motion for summary judgment and opposition to Wal-Mart's motion to dismiss, ACE asserts that Wal-Mart has, in essence, enjoyed purchase money financing on the property at no interest.

that approval, pursuant to the paragraph 15(a) of the Agreement and paragraph 1 of the sixth amendment, it has not breached any obligation to close on the property. Relatedly, Wal-Mart argues that because the municipal approvals are currently being litigated, those approvals are not "final" and, accordingly, are not a satisfied requirement of the parties' sale agreement. Because the final approvals are out of the hands of Wal-Mart, ACE's claim that Wal-Mart has breached the agreement, and also breached the inherent covenants of good faith and fair dealing, are not actionable.

ACE contests Wal-Mart's position. ACE argues that it has properly alleged that Wal-Mart's bad faith in delaying its application for final approval from the NJDOT caused Wal-Mart to breach the contract and its good faith covenants. But-for Wal-Mart's delay in seeking and obtaining the required approvals and its refusal to close, ownership of the property would have been transferred to Wal-Mart, and ACE would not be subject to its property wasting and the burden of the property's carrying costs.

In addition to opposing Wal-Mart's motion to dismiss, ACE has filed a pre-answer, pre-discovery motion for partial summary judgment. ACE argues that it is entitled to judgment as a matter of law that Wal-Mart has breached the Agreement. ACE further argues that Wal-Mart should be compelled to close on the property immediately. Wal-Mart opposes the motion, arguing, first, that

ACE's complaint has no merit, and, second, if ACE's complaint may proceed, Wal-Mart's alleged dilatory and bad faith actions represent disputed facts precluding summary judgment.

## DISCUSSION

### A. Subject matter jurisdiction

Defendants removed this action to this Court from New Jersey state court. This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. The citizenship of the parties as stated in defendants' amended notice of removal is as follows: Plaintiff Atlantic City Electric Company is a New Jersey corporation with its principal place of business in New Jersey; Defendant Wal-Mart Real Estate Business Trust is a trust organized under the laws of Delaware, and the sole trustee and beneficiary is Pamela Kohn, a citizen of Arkansas; Defendant Wal-Mart Stores East, Inc. was converted to Wal-Mart Stores, LLC on January 25, 2011; Wal-Mart Stores, LLC is organized under the laws of the state of Arkansas, and its sole member is Wal-Mart Stores, Inc., which is a Delaware corporation with its principal place of business in Arkansas; Defendant Wal-Mart Stores East, LP is a Delaware partnership with its principal place of business in Arkansas, and its partners are WSE Investment, LLC and WSE Management, LLC, which are both organized under the laws of Delaware; the sole

6

member of WSE Investment, LLC and WSE Management, LLC is Wal-Mart Stores East, LLC.[4]

## B. Motion to dismiss and summary judgment standards

### 1. *Motion to dismiss*

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the

---

[4]As noted previously, the sole member of Wal-Mart Stores, LLC is Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Arkansas. Plaintiff names Wal-Mart Stores East I, LP as a defendant. No entity exists by that name, and it is instead an assumed named used by Wal-Mart Stores East, LP.

7

plaintiff's claim is and the grounds upon which it rests." Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

### 2. *Motion for summary judgment*

Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

**C. Analysis**

The Court finds that ACE has properly pled its claims against Wal-Mart for breach of contract and breach of the implied covenant of good faith and fair dealing, and ACE's claims may proceed. However, the Court also finds that ACE's motion for partial summary judgment seeking to compel Wal-Mart to close on the property must be denied because of numerous disputed issues of fact.

In order to establish a breach of contract claim, ACE has the burden to show that the parties entered into a valid contract, that Wal-Mart failed to perform its obligations under the contract, and that ACE sustained damages as a result. Red Roof Franchising, LLC v. Patel, 877 F. Supp. 2d 140, 149 (D.N.J. 2012) (citing Murphy v. Implicito, 920 A.2d 678, 689 (N.J. Super. Ct. App. Div. 2007)). Every New Jersey contract contains an implied covenant of good faith and fair dealing, and in order to show that Wal-Mart breached that implied covenant, ACE must demonstrate that Wal-Mart's actions have had the effect of "destroying or injuring the right" of ACE to receive the fruits of the contract. Id. at 156 (quoting Wood v. New Jersey Mfrs. Ins. Co., 21 A.3d 1131, 1140 (N.J. 2011)).

ACE's complaint properly states claims against Wal-Mart for both breach of contract and breach of the implied covenant of good faith and fair dealing. According to ACE's complaint, ACE

and Wal-Mart entered into a valid contract for the sale of ACE's property (Amend. Compl. ¶¶ 41), Wal-Mart breached the terms of the contract when it did not fulfill its obligation to obtain the final approval from the NJDOT (id. ¶¶ 42, 43), and ACE has suffered damages (id. ¶ 44), including carrying costs and the wasting of the property. ACE also claims that Wal-Mart's delay in filing for NJDOT approval, motivated in part by its corporate policy of not settling on real estate until all appeals have been exhausted regardless of contractual provisions to the contrary, has frustrated the reasonable expectations of ACE and the intentions and purposes of the property sale Agreement. (Id. ¶¶ 46, 49, 51.) These claims set forth very straightforward breach of contract and breach of the implied covenant of good faith and fair dealing allegations and, although factually lean, satisfy the Iqbal/Twombly plausibility standard.

Wal-Mart argues, however, that ACE cannot claim any breach of the agreement because closing is to take place within 20 days of the receipt of NJDOT plan approval, and since the NJDOT has not issued its approval, Wal-Mart has not breached its obligation to close on the property. Further, Wal-Mart argues that it does not control when the NJDOT issues its approvals, and any delay cannot be attributed to Wal-Mart. Wal-Mart also argues that paragraph 15 of the original agreement was not modified by the sixth amendment, and the agreement therefore is still contingent

10

"on Wal-Mart obtaining, at Wal-Mart's sole cost and expense, the final, unappealable, valid and irrevocable grant, on terms and conditions satisfactory to Wal-Mart, in Wal-Mart's sole and absolute discretion of those permits, licenses, variances, rights of way, and approvals that are necessary and/or required to permit Wal-Mart to obtain building permits for and to construct the Project in a size and design satisfactory to Wal-Mart." Thus, because both the NJDOT and Township approvals are still outstanding by no fault of its own,[5] Wal-Mart argues that it has not breached the terms of the property sale agreement or acted

---

[5] Wal-Mart's opposition to ACE's motion for partial summary judgment contends that the sixth amendment only refers to NJDOT approvals because at the time the parties agreed to the sixth amendment, there were no challenges to the Township approvals. Wal-Mart's papers also contend that after the sixth amendment was entered, the "entire process was upended by the NJDOT's refusal to approve the original plans and by NJDOT's requirement that a new internal road be included in the plans, necessitating a road intersection with Egg Harbor Road (a county road - thereby requiring new county approvals), which required the entire site to be reconfigured, new municipal land use approvals to be obtained and any appeals of such approvals to be dealt with.... Everyone - including Plaintiff - knew that Wal-Mart was not buying property for $11 million that it could not use. Moreover, everyone - including Plaintiff - knew that Wal-Mart was and remains extremely eager to move this process along as quickly as possible; they have already paid over $7 million of the $11 million purchase price, and are legally obligated to pay Plaintiff $60,000 per month for each month until closing occurs." (Wal-Mart Opp., Decl. of Barbara A. Casey, Docket No. 12-3, ¶ 4.) The Court, however, cannot consider these contentions when analyzing the sufficiency of ACE's complaint, and may only consider them in opposition to ACE's partial summary judgment motion. If Defendant believes these facts are uncontested and defeat ACE's claims as a matter of law, then they may bring their own motion for summary judgment. The Court expresses no opinion on the merits of such a motion.

unfairly or in bad faith to delay the closing.

Accepting as true that Wal-Mart had a duty to timely file for NJDOT approval, and that Wal-Mart failed to do so, Wal-Mart's arguments do not show that ACE has not pled plausible claims for relief. ACE claims that Wal-Mart affirmatively failed to perform its obligations under the contract, and fulfill those obligations in good faith. Instead of arguing that it did not have an affirmative duty under the contract to timely and in good faith file for NJDOT approval, Wal-Mart interprets the contract to make itself a passive participant in the NJDOT approval process. Wal-Mart argues that without NJDOT approval, there can be no closing. Although that interpretation may be true to a certain extent, it does not preclude a claim at the pleading stage by ACE that Wal-Mart is culpable for the absence of NJDOT approval.

Although insufficient to justify dismissal of ACE's complaint, Wal-Mart's arguments demonstrate that it may have substantive defenses to ACE's claims and that there are disputed facts which preclude the entry of judgment as a matter of law that Wal-Mart breached the agreement. The overriding disputed issue that cannot be resolved at this time on this record relates to Wal-Mart's actions, or inactions, regarding the required NJDOT approval. The sixth amendment to the property sale agreement is clear that closing is to take place within 20 days of the receipt of the NJDOT plan approval. Although the 20-day clock cannot

start ticking without the NJDOT approval, ACE has provided evidence, disputed by Wal-Mart for various reasons, that Wal-Mart unilaterally, intentionally, and without justification, delayed seeking final NJDOT approval because of the ongoing lawsuits by a third party regarding the Township's municipal approvals of Wal-Mart's proposed use of the property.[6]  This sparse, disputed record regarding the NJDOT approval process and who might be responsible for the failure to obtain final approval or even whether final approval could be obtained preclude a finding by the Court as a matter of law that Wal-Mart has breached its contractual obligations and has acted in bad faith.

By not "timely filing" for NJDOT approval and waiting out the third-party litigation over the Township's approval of the Wal-Mart development plan, Wal-Mart may be fulfilling its obligations under the Agreement and acting in good faith, or it may not.  The record has simply not yet been adequately developed for the Court to make such a determination.  Accordingly, the Court cannot and will not grant judgment in ACE's favor at this time.

---

[6]ACE disputes Wal-Mart's position that the Township approvals must be final in order for it to apply for NJDOT final approval.  ACE also points out that during the briefing of these motions, Wal-Mart finally applied for NJDOT approval.  (ACE's Reply, Docket No. 13 at 15-16.)  It does not appear that either party has filed documentation showing proof of Wal-Mart's NJDOT application, or the issuance of the NJDOT's final approval.

13

**CONCLUSION**

For the reasons expressed above, Wal-Mart's motion to dismiss ACE's complaint and ACE's motion for partial summary judgment must both be denied.  An appropriate Order will be entered.


Date: October 29, 2013             s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.